UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN S. VanWORMER,

    Plaintiff,

v.

Case No. 16-cv-12978
Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S JULY 13, 2017 REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [17, 25]; (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (3) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

On August 16, 2016, Plaintiff filed this lawsuit challenging Defendant's final decision denying his application for disability insurance benefits under the Social Security Act. (ECF No. 1.) This matter was referred to Magistrate Judge David R. Grand for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 17, 25.)

I.   Background

On July 13, 2017, Magistrate Judge Grand issued his R&R in which he recommends that this Court deny Defendant's motion, grant Plaintiff's motion and remand the matter to the administrative law judge ("ALJ") to obtain a medical expert opinion for Plaintiff's residual functional capacity ("RFC") (ECF No. 27.) In his thorough analysis, Magistrate Judge Grand rejected Defendant's argument that the ALJ was capable of independently determining Plaintiff's RFC. (*Id.* at Pg ID 435.) Magistrate Judge Grand emphasized that based on the medical evidence, Plaintiff's physical impairment was of such a nature that the ALJ could not make a "commonsense" determination as to Plaintiff's functional limitations and a medical opinion was required. (*Id.* at 435-36.)

Magistrate Judge Grand concludes by advising the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at 437.) Specifically, he further advises the parties that "[f]ailure to timely file objections constitutes a waiver of any further right to appeal." (*Id*.) Defendant filed objections on July 27, 2017. (ECF No. 28.) Plaintiff responded to Defendant's objections on August 10, 2017. (ECF No. 29.)

II.  Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report

2

or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### III. Applicable Law & Analysis

Defendant's sole objection is that the magistrate judge erred when he found that the ALJ's decision was not supported by substantial evidence. (ECF No. 28 at Pg ID 439.) Defendant argues that a medical opinion was not required to correspond to the ALJ's RFC finding because the objective medical evidence supported a finding that Plaintiff had "few physical impairments." (*Id.* at 440, 443). Also, Defendant argues that Plaintiff did not provide the ALJ with any evidence of his physical limitations by a treating or examining official, and "it was Plaintiff's burden, not the Commissioner's, to prove his RFC." (*Id.* at 439, 447.)

It is well established that "[t]he ALJ reserves the right to decide certain issues, such as a claimant's RFC. Nevertheless, in assessing a claimant's RFC, an

3

ALJ must consider all relevant record evidence, including medical source opinions on the severity of a claimant's impairments." *Sparck v. Comm'r of Soc. Sec.*, No. 11-10521, 2012 WL 4009650, at *9 (E.D. Mich. Aug. 23, 2012) (citations omitted). The "Court has stressed the importance of medical opinions to support a claimant's RFC, and cautioned ALJs against relying on their own expertise in drawing RFC conclusions from raw medical data." *Lindsey v. Comm'r of Soc. Sec.*, No. 12-12585, 2013 WL 6095545, at *7 (E.D. Mich. Nov. 20, 2013) (citing *Wyatt v. Comm'r of Soc. Sec.*, No. 12-11406, 2013 WL 4483074, at *16 (E.D. Mich. Aug. 19, 2013); *Sparck*, 2012 WL 4009650, at *12 ("The residual functional capacity opinions of treating physicians, consultative physicians, and medical experts who testify at hearings are crucial to determining a claimant's RFC because '[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms.'") (citing *Isaacs v. Astrue,* No. 08-cv-00828, 2009 WL 3672060, at *10 (S.D. Ohio 2009).

Although the court in *Lyndsey* recognized that there are instances when the ALJ can make a commonsense judgment about a claimant's RFC absent a medical opinion, the court emphasized that such a finding is appropriate only when the "medical evidence shows relatively little physical impairment." *Lyndsey*, 2013 WL 4483074 at *7. Ultimately, because *Lyndsey* was not a case of "relatively little physical impairment," the court remanded the case on the basis that a qualified

4

medical opinion was necessary in order for the ALJ to accurately determine the plaintiff's functional capacity. *Lyndsey*, 2013 WL 4483074 at *7; *see also Wyatt*, 2013 WL 4483074, at *17 ("[T]here was no medical opinion to support the ALJ's RFC determination. The ALJ impermissibly relied on his own interpretation of the medical data of record; therefore, the ALJ's RFC determination is unsupported by substantial evidence. This case should be remanded for a redetermination of Plaintiff's RFC.").

Defendant cites to *Rudd v. Comm'r of Soc. Sec*. 531 F. App'x 719 (6th Cir. 2013) to support his contention that a medical opinion was not necessary for the ALJ to determine Plaintiff's RFC. However, Defendant's interpretation of *Rudd* is misplaced because the ALJ did not determine plaintiff's functional capacity based on the ALJ's own interpretation of raw medical data as the ALJ has done in this case. In *Rudd*, there was testimony from a radiologist who had interpreted the plaintiff's raw medical data. *Rudd*, 531 F. App'x at 727. The Sixth Circuit found that "the ALJ did not interpret raw medical data beyond her ability. The x-rays of Rudd's hands and lumbar spine, which were the only raw medical data, had already been read and interpreted by a radiologist." *Id.* Further, the Court found in light of the radiologist's interpretation of the raw data, a medical expert was not necessary, and the ALJ's determination was supported by substantial evidence.

Relying on *Wagner v. Comm'r Soc. Sec.*, No. 15-11553, 2016 WL 1729553 (E.D. Mich. Mar. 22, 2016), Defendant asserts that even if there is a medical opinion, the ALJ is not bound to a physician's RFC assessment. (ECF No. 28 at Pg ID 440.) This is not inconsistent with the R&R. In *Wagner*, the ALJ chose to credit the opinion of a physician whose RFC assessment was consistent with the medical evidence but unfavorable to the plaintiff. The court found that the ALJ was not required to conform its findings to a physician's RFC assessment when the ALJ's finding was supported by substantial evidence in the record. *See Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 156-57 (6th Cir. 2009) (refusing to conform its RFC finding to the physician's assessment because the ALJ found that it was based on the claimant's subjective complaints and not the objective medical evidence).

Defendant has failed to provide the court with any authority to support his contention that an ALJ may interpret raw medical data without the aid of a medical opinion when such data proves to be beyond little physical impairment. Even absent a physician's RFC assessment, there is no record of even a qualified medical professional interpreting the raw medical data at issue in this case. *See Lyndsey*, 2013 WL 4483074 at *7; *see also Wyatt*, 2013 WL 4483074, at *17. The ALJ improperly made a finding as to Plaintiff's functional capacity based on an

6

independent review of Plaintiff's raw medical data without an opinion from a treating or examining source, which is inconsistent with the practice of this Circuit.

For these reasons, the Court rejects Defendant's objections to Magistrate Judge Grand's July 13, 2017 R&R and adopts the recommendations in the Report & Recommendation.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (ECF No. 25) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 17) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's decision denying Plaintiff's application for benefits under the Social Security Act is **REVERSED and REMANDED for further proceedings consistent with the R&R**.

                                            s/ Linda V. Parker
                                            LINDA V. PARKER
                                            U.S. DISTRICT JUDGE

Dated: September 25, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 25, 2017, by electronic and/or U.S. First Class mail.

                                              s/ R. Loury
                                              Case Manager